## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

IN RE:   JENNIFER EDGE Case No. 21-11728-JDW
 Chapter 7 Proceedings

### RESPONSE OF GULFCO OF MISSISSIPPI TO DEBTOR'S MOTION TO AVOID NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST

Gulfco of Mississippi, LLC, doing business as Tower Loan of Olive Branch (Tower), files this Response of Tower Loan to Debtor's Motion to Avoid Nonpossessory, Nonpurchase-Money Security Interest as follows:

1. Tower denies that all of the property in which it has a security interest is subject to lien avoidance under 11 U.S.C. §522(b). Tower denies that all such possessions are exempt and objects to debtor's claim of exemption for that property that is not exempt pursuant to Miss. Code Ann. §85-3-1, et seq., or other applicable law.

2. Tower further requests that if Debtor is not required to pay for the value of the collateral, that the Trustee be ordered to abandon any property whose lien has not been avoided from the estate.

WHEREFORE, Tower requests that this Court deny the motion of the Debtor and to grant other such relief as the Court may deem proper and just.

Dated this 6th day of December, 2021.

 GULFCO OF MISSISSIPPI, LLC


 By: /s/John E. Tucker
 Its Attorney

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day electronically filed with the Clerk of Court using the ECF system which sent notification, or mailed, via U.S. Mail, postage fully prepaid to non-ECF participants, a true and correct copy of the foregoing Response of Tower Loan to Debtor's Motion to Avoid Nonpossessory, Nonpurchase-Money Security Interest to the following:

Robert Lomenick  
robert@northmsbankruptcy.com

Office of the U.S. Trustee  
USTPRegion05.AB.ECF@us.doj.gov

*William Fava*  
wfava@favalaw.com  
Chapter 7 Trustee

Dated this the 6th day of December, 2021.

By: /s/John E. Tucker  
Its Attorney

Prepared By:

John E. Tucker  
MSB#: 10020  
406 Liberty Park Court  
P. O. Box 320001  
Flowood, MS  39232-0001  
Email: jtucker@towerloan.com  
Telephone: 601-992-0936  
Facsimile: 601-992-5176

## MS. INSTALLMENT LOAN AGREEMENT AND DISCLOSURE STATEMENT

| LOAN NUMBER | BORROWER NAME | ADDRESS |
|---|---|---|
| 38 | JENNIFER G EDGE | 3387 CAYCE RD BYHALIA, MS 38611-9729 |
| | CO-BORROWER NAME | ADDRESS |
| DATE OF LOAN 5/14/2021 | CO-BORROWER NAME | ADDRESS |

**Lender:** GULFCO OF MISSISSIPPI, LLC DBA TOWER LOAN OF OLIVE BRANCH
P O BOX 1099, OLIVE BRANCH, MS, 38654

### FEDERAL TRUTH IN LENDING DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Schedule of Consecutive Monthly Payments | |
|---|---|---|---|---|---|
| | | | | Number of payments | Amount of each payment |
| 32.99% | $3334.71 | $6925.29 | $10260.00 | 30 | 342.00 |
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | 1st Payment Due 6/13/2021 | Last Payment Due 11/13/2023 |

**SECURITY:** You are giving a security interest in Personal Property

Collateral securing this and other loans you have with us also secures other and future indebtedness.
**LATE CHARGE:** If a payment is more than 15 days late, you will be charged the greater of $5.00 or 4% of the payment, not to exceed $50.00

**FILING FEES:** $ 18.00

**PREPAYMENT:** If you pay off early, you will not have to pay a penalty and may be entitled to a refund of part of the finance charge.

See your Promissory Note and Security Agreement for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**ITEMIZATION OF AMOUNT FINANCED UNDER FEDERAL LAW OF** $ 6925.29

| | |
|---|---|
| Amount given to you directly | $ 224.84 |
| Amount paid on your account | $ 6389.95 |
| Amounts paid to others on your behalf (we may be retaining a portion of this amount): | |
| Public officials | $ 18.00 |
| Insurance company Credit Life | $ 0.00 |
| Credit Disability | $ 0.00 |
| Credit Property | $ 292.50 |
| NAME | $ 0.00 |
| NAME | $ 0.00 |
| NAME | $ 0.00 |
| NAME | $ 0.00 |
| NAME | $ 0.00 |
| NAME | $ 0.00 |
| NAME | $ 0.00 |
| NAME | |
| Closing Fee | $ 410.40 |
| Subtotal of above amounts | $ 7335.69 |
| LESS Prepaid Finance Charge | $ 410.40 |
| Amount Financed (TOTAL) | $ 6925.29 |

**INSURANCE:** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the annual cost.

| TYPE | DEC. C.L. | LVL. C.L. | PREMIUM | | SIGNATURES | | |
|---|---|---|---|---|---|---|---|
| Single Credit Life | | | $ 0.00 | I/We want credit Life insurance: | X: | X: | X: |
| Joint Credit Life | | | $ 0.00 | We want credit Life insurance: | X: | X: | X: |
| Credit Disability | | | $ 0.00 | I want credit disability insurance: | X: | | |

You may obtain property insurance from anyone you want, provided the insurance company is acceptable to the creditor. If you get personal property insurance from or through the creditor, you will pay $ 292.50

☒ Dual Interest
☐ Single Interest

**DISCLOSURES REQUIRED BY MISSISSIPPI LAW:**
Excluding the closing fee of $ 410.40 from the finance charge, the state finance charge is $ 2,924.31 and the state contract rate is 27.80 %

### PROMISSORY NOTE AND SECURITY AGREEMENT
ALL INFORMATION IN THE ABOVE DISCLOSURE STATEMENT IS INCLUDED HEREIN BY REFERENCE

**PARTIES:** "Borrower" means all Borrowers signing below whether one or more; and "Lender" means the Lender named above.
**NOTE:** For value received, Borrower, jointly and severally, promises to pay to the order of Lender the "Total of Payments" (see above), in the monthly payments stated in the "Schedule of Payments" (see above) until paid in full. Any extension, renewal, renewals, or other indulgences by Lender shall not release Borrower. Borrower waives protest.
**LATE CHARGE:** Borrower shall pay Lender a late charge, the greater of $5.00 or 4% of the payment on any payment that continues unpaid for more than fifteen (15) days following its due date, but Borrower shall not pay more than $50.00 on any one scheduled payment.
**PREPAYMENT REFUND:** When Borrower prepays this loan in full, then: (i) if paid by a renewal loan from Lender within 30 days from the date of this loan, Lender shall cancel or refund all of the above finance charges, closing fee and credit insurance premiums on this loan, (ii) if paid by a renewal loan from Lender after 30 days, but before 90 days from the date of this loan, Lender shall refund the unearned finance charges computed by the actuarial method; (iii) if paid or renewed after 90 days from the date of this loan, Lender shall refund the unearned finance charges computed by the Rule of 78s based on the number of days Borrower pays early, less 20 days.
**SECURITY INTEREST:** To secure payment of this loan, Borrower grants Lender a security interest in the property described below under "Security".
**BORROWER'S DUTIES:** If Lender requests, Borrower shall maintain fire, theft, and extended coverage insurance on the security. Such insurance policies shall be payable to Lender and Borrower as Borrower's interest shall appear and shall provide Lender with at least ten (10) days written notice before cancellation. In addition, Borrower shall keep the security at Borrower's address shown above, in good repair and free from adverse liens and security agreements.
**DEFAULT:** Borrower defaults when: (i) Borrower does not pay any payment in full when due; (ii) Borrower does not fully perform any of Borrower's duties under this agreement; (iii) Borrower moves the security without first giving Lender written notice; (iv) Borrower abandons the security; (v) any of the security is lost, stolen, not maintained, destroyed, or substantially damaged; (vi) Borrower death or incompetency; (vii) Borrower defaults under another Tower Loan agreement, or (viii) Lender reasonably deems itself insecure.
**REMEDIES:** When Borrower defaults, Lender can take one or more of the following actions: (i) cancel any credit insurance and apply unearned premiums to the account; (ii) in accordance with the arbitration agreement, bring suit for or arbitrate the delinquent payments; (iii) accelerate and declare due, without notice or further demand for payment, the remaining balance (but in such event, upon receiving full payment, Lender shall rebate the unearned finance charge on the date of payment by using the method described in Prepayment Refund; (iv) repossess and dispose of any security as a secured party under the Mississippi Uniform Commercial Code; and/or (v) foreclose on any securing deed of trust on realty. Ten (10) days notice by regular mail to Borrower at the above address shall be reasonable notice to Borrower of any disposition of any security. Lender may hire or pay an attorney to help collect the Note or recover its collateral if Debtor does not pay or if Debtor files bankruptcy. Debtor will reimburse Lender for these costs. This includes, subject to limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees for bankruptcy proceedings (including efforts to lift, modify, or vacate any automatic stay or injunction), for defending against unsuccessful counterclaims, and appeals.
**OTHER INDEBTEDNESS:** The security agreement secures all other and future indebtedness Borrower owes to Lender. Collateral securing other loans Borrower has with Lender also secures this loan.
**GOVERNING LAW:** The construction, validity and enforcement of this loan agreement shall be governed by the laws of the State of Mississippi, without regard to the principles of conflicts of laws.
**SECURITY:** The security to which the security interest granted hereunder attaches is indicated below and is more particularly described as follows:
**VALUE:** We represent to you the value of any personal property security below is .......................................... $ 3,900.00
This value excludes the value of any motor vehicles, livestock, boats or mobile homes
JIG SAW, cobalt blower, 55" flat screen (2nd), 50" SONY FLATSCREEN TV (3rd), 32" EMERSON FLATSCREEN TV (4th), 32" EMERSON FLATSCREEN TV (5TH), XBOX ONE, CANNON PRINTER, DELL DESKTOP CPMOUTER, PLAYSTATION 4, Laptop, PISTOL HANGUN

**ARBITRATION AGREEMENT:** BY SIGNING BELOW AND OBTAINING THIS LOAN, BORROWER AGREES TO THE ARBITRATION AGREEMENT ON THE ADDITIONAL PAGES OF THIS AGREEMENT. YOU SHOULD READ IT CAREFULLY BEFORE YOU SIGN BELOW. IMPORTANT PROVISIONS, INCLUDING OUR PRIVACY POLICY, ARE CONTAINED ON ADDITIONAL PAGES AND INCORPORATED HEREIN.

_____ _____ _____
BORROWER                    BORROWER                    BORROWER

A SECURITY INTEREST IN THIS DOCUMENT HAS BEEN GRANTED TO BMO HARRIS BANK N.A., AS AGENT, UNDER A SECURITY AGREEMENT.

NS (rev 12/2020)                                                                 Page 1 of 2

## ADDITIONAL DISCLOSURES

**CREDIT REPORTING:** We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. You agree and hereby authorize us to obtain credit reports on you, both now, and at any time any portion of the debt remains owed to us. You specifically acknowledge and agree that we may disclose any default by you under this Note, along with any other relevant information, to credit reporting bureaus.

**SEVERABILITY:** The illegality or unenforceability of any provision of this Promissory Note and Security Agreement or any instrument or agreement entered into in connection herewith including, without limitation, the Arbitration Agreement, shall not in any way affect or impair the legality or enforceability of the remaining provisions of this Promissory Note and Security Agreement, the Arbitration Agreement or any other instrument or agreement entered into in connection herewith.

**CONSENT TO RECEIVE COMMUNICATIONS:** You expressly consent and agree that we and any of our agents, third-party services, service providers or assignees (hereinafter "Lender") may call you, using an automatic telephone dialing system or otherwise, leave you a voice, prerecorded, automated or artificial voice message, or send you a text or e-mail for any purpose, including, but not limited to, 1) related to the servicing or collection of any loan that you have with us, 2) for information purposes related to your loan(s) or 3) for solicitation, advertising or purchasing of any property, goods or services (each a "Communication"). You agree that for any Communication Lender may call or text you at any telephone number provided to Lender by you or anyone associated with you or acting on your behalf including, but not limited to, phone numbers and cell phone numbers associated with your loan provided to Lender now or in the future. Further Lender may send an e-mail to any email address that you provide to us now or in the future. You agree and acknowledge that these Communications aren't unsolicited for purposes of any state or federal law and that your service provider may charge you for such Communications. Additionally, you agree that Lender may always communicate with you in any manner permissible by law, including for purposes of debt collection. You understand that your consent to receive advertisement or telemarketing emails, texts and calls is voluntary, revocable by you, and is not required as a condition of your obtaining this loan. If you do not want to receive text messages about your loan sent using an automatic telephone dialing system, you can withdraw consent by following the opt-out procedures in the text message.

**CONVENIENCE FEE:** You agree and authorize that if you make a loan payment through the use of a telephone or electronically through the internet, and where allowed by law, a fee will be charged by a third party vendor, which may vary depending upon the amount of the payment made and will be in addition to the payment made at the time of payment.

## ARBITRATION AGREEMENT

**Read Carefully.** This agreement limits your rights to use the court to address claims and disputes.
"Borrower" means all Borrowers signing the Installment Loan Agreement. "Lender" means the Lender named on the Installment Loan Agreement.

Arbitration is a method of resolving disputes between parties without going to court. Borrower and Lender agree that if there are any disputes between them, those disputes will be resolved by arbitration. Any party may require the dispute or claim to be submitted to an arbitrator in accordance with this provision. The arbitrator's decision will be final and binding on all parties. The parties agree that the funds loaned to Borrower were transactions in interstate commerce, that this loan involves interstate commerce, and that the Federal Arbitration Act applies to this transaction. Borrower and Lender understand that under this arbitration agreement, they lose their right to a jury trial, their pretrial discovery is more limited, the dispute shall be heard and decided by someone who may not be a judge, the arbitrator is not required to state the reasons for his decision, and the right of appeal is very limited.

Borrower and Lender agree that they shall arbitrate all disputes between them on the following terms:

(1) This arbitration agreement applies to all claims and disputes between Borrower and Lender. The Arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the Arbitration Agreement, or to the arbitrability of any claim or counterclaim. This includes, but is not limited to, all claims and disputes arising out of, in connection with, or relating to:
- The loan Borrower is obtaining from Lender today and any other loans or retail installment contracts with Lender;
- Any insurance purchased in connection with this loan or any previous loan or retail installment sales contract;
- Any auto club membership or other product or service purchased in connection with this loan;
- Whether the claim or dispute must be arbitrated;
- The validity of this arbitration agreement;
- Any negotiations or discussions between us;
- All claims or disputes based upon Federal or State laws or regulations;
- Class action types of claims and consolidated claims;
- Claims or disputes involving or alleging breach of contract, fraud or misrepresentation (including fraud in the inducement), breach of fiduciary duty, breach of duty of good faith and/or fair dealing, negligence, torts, bad faith, and demands for punitive damages or attorneys fees.

(2) This arbitration provision or agreement also applies to all disputes and claims between Borrower and Lender, Lender's agents, employees, affiliated corporations and the employees or agents of these affiliated companies. Some of our affiliated companies include American Federated Insurance Company, American Federated Life Insurance Company, First Tower Loan LLC, Tower Loan of Mississippi LLC, Gulfco of Mississippi LLC, Gulfco of Alabama LLC, Gulfco of Louisiana LLC, Tower Loan of Missouri LLC, Tower Loan of Illinois LLC and First Tower LLC. The foregoing are separate companies that also are affiliated.

(3) Arbitration shall be started by either party giving written notice to the other of his, her, or its demand for arbitration, which shall briefly state the nature of the dispute, the amount involved, and the relief sought. The other party shall have thirty (30) days from receipt of the notice to deliver an answering statement to the party requesting arbitration. No filing fee or other charge is necessary to start the arbitration.

(4) The dispute shall be heard by a single arbitrator. The arbitrator shall be selected by mutual agreement of the parties. If a party fails to deliver a timely answering statement, then the party requesting arbitration shall select a neutral, disinterested arbitrator who shall decide the matter. If an answering statement is filed and the parties cannot agree upon the arbitrator, then the provisions of the Federal Arbitration Act (9 U.S.C §5), shall apply. Lender shall pay the arbitrator's fees and expenses for the first two days of hearings. In his decision or award, the arbitrator shall direct the parties to pay his or her fees and other costs according to the relative fault of the parties.

(5) The arbitration shall be held in Rankin County, Mississippi, unless the Borrower requests in the demand for arbitration or the answering statement, the arbitration be held in his, her, or its county of residence or principal place of business.

(6) Except as they conflict with this arbitration provision and with the Federal Arbitration Act, all arbitrations under this provision shall follow the procedures set forth in the Federal Arbitration Act, which are incorporated by reference.

(7) This arbitration provision or agreement applies even if Borrower's loan(s) have been paid in full, have been charged off or discharged in bankruptcy. This agreement is also binding upon the successors, assigns and representatives of the parties.

(8) Neither party shall be required to arbitrate claims or matters wherein the total amount at issue or in dispute (inclusive of attorneys fee, costs or any punitive damages) is less than $10,000. Lender is not required to initiate arbitration proceedings before repossessing collateral, instituting executory process, or foreclosing upon real property. However, disputes arising out of or relating to ordinary process or lender seeking a money judgment or pursuing seizure, sale, and other foreclosure remedies, executory process or repossession of collateral shall be arbitrated.

(9) Subject to paragraph (8), If either party files a lawsuit involving a dispute covered by this agreement, the other party can have the suit stayed and the plaintiff shall be required to arbitrate under this provision. If either party files a lawsuit for any of the matters not covered by this provision (as stated in item 8 above) and the other party files a counterclaim, then within thirty (30) days of the counterclaim, either party may demand arbitration. In such event all disputes, causes of action, and claims in both the complaint and the counterclaim shall be heard and decided by the arbitrator according to this agreement.

(10) Borrower and Lender hereby waive their right to a jury trial in all legal proceedings between them including any lawsuits, arbitrations or other hearings.

(11) Borrower and Lender agree that no class action arbitration shall be allowed by this Agreement and that arbitration proceedings between them shall not be combined or consolidated with any disputes or proceedings with other borrowers.

(12) Once the arbitrator has rendered a decision, either Borrower or Lender may file a lawsuit or other legal proceeding to enforce the decision or to obtain a judgment granting the relief awarded by the arbitrator. Except for the foregoing, the Arbitration Award is not subject to judicial review.

(13) This agreement does not affect or extend any applicable statutes of limitation.

**READ THIS ARBITRATION AGREEMENT CAREFULLY. This arbitration agreement limits your rights to use the Courts.**

By making this loan, Lender binds itself to this arbitration agreement.

210205899

File Number: 20213558085A
Date Filed: 5/21/2021 10:29:15 AM
Michael Watson
Secretary of State

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) | |
|---|---|
| First Tower Corp | 601-992-0153 |

B. EMAIL CONTACT AT FILER (optional)
UCCFiles@towerloan.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

FIRST TOWER CORP.
P O BOX 320001
FLOWOOD, MS  39232-0001

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor Name (1a or 1b)(use exact, full name; do not omit, modify or abbreviate any part of the Debtor's Name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION NAME | | | | |
|---|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| EDGE | JENNIFER | G | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 3387 CAYCE RD | BYHALIA | MS | 38611-9729 | |

2. DEBTOR'S NAME: Provide only one Debtor Name (2a or 2b)(use exact, full name; do not omit, modify or abbreviate any part of the Debtor's Name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION NAME | | | | |
|---|---|---|---|---|
| GULFCO OF MISSISSIPPI, LLC | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| P O BOX 1099 | OLIVE BRANCH | MS | 38654 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
JIG SAW, cobalt blower, 55" flat screen (2nd), 50" SONY FLATSCREEN TV (3rd), 32" EMERSON FLATSCREENT TV (4th), 32" EMERSON FLATSCREEN TV (5TH), XBOX ONE, CANNON PRINTER, DELL DESKTOP CPMOUTER, PLAYSTATION 4, Laptop, PISTOL HANGUN

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA
36

FILING OFFICE COPY - UCC FINANCING STATEMENT (Form UCC1)(Rev 08/23/11)